UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY A. AKINS, in his individual and representative capacity as trustee of the A A & T S Akins Family Trust; TINA S. AKINS, in her individual and representative capacity as trustee of the A A & T S Akins Family Trust; CONCORD FEED & FUEL, INC., a California Corporation; and Does 1-10,<br><br>Defendants. | No. 2:16-CV-02067-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Litigation Expenses (ECF No. 10). Plaintiff seeks attorney's fees totaling $8,505 and litigation expenses of $675, for a total amount of $9,180. As set forth below, Plaintiff's Motion is GRANTED, but the Court finds that only $5,630 in attorney's fees are recoverable, which along with the $675 spent as litigation expenses, results in a total of $6,305.[1]

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff, a California resident, is a level C-5 quadriplegic who cannot walk and has manual dexterity impariments. He uses a wheelchair and has a special van to facilitate movement. Defendants Anthony and Tina Akins owned real property at 8988 Elder Creek Road, Sacramento, California in August 2015 and June 2016. Defendant Concord Feed & Fuel, Inc. owns the Brickyard Building Materials store ("Brickyard") located at that same address. Plaintiff sued Defendants for violating the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Acts ("UCRA"). Plaintiff alleged that when he visited the Brickyard in August 2015 and June 2016: (1) there were no ADA compliant, van-accessible handicap parking spaces available for disabled people; and (2) there was no portion of the transaction counter that was 36 inches (as opposed to 42 inches) tall for use by people in wheelchairs.

On or about April 30, 2017, the parties agreed to settle this dispute for the price of a single statutory penalty plus attorney's fees as decided by the court or, alternatively, a sum of $12,000. Defendants apparently rejected payment of the $12,000 outright, and Plaintiff now moves for an award of attorney's fees and litigation expenses in the amount of $9,180. Specifically, Plaintiff, who is represented by the Center for Disability Access, seeks to recover $350 per hour for work performed by Mark Potter and $250 per hour for work performed by Phyl Grace, respectively a partner and associate with the firm. Defendants, on the other hand, argue that Plaintiff is not even a prevailing party under the ADA or UCRA, that certain entries on Plaintiff's counsel's time-sheets are unreasonable, and that, to the extent Mr. Potter and Ms. Grace are entitled to anything, they should not be reimbursed at rates exceeding $300 and $175 per hour, respectively.
///
///

---

[2] Unless otherwise noted, the facts are taken from the Complaint and the parties' briefing on this matter.

**ANALYSIS**

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976). Moreover, Section 55 of the Califirnia Civil Code provides that "[t]he prevailing party in the action shall be entitled to recover reasonable attorney's fees." Cal. Civ. Code § 55. A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128, 1134 (2002).

Attorneys fees are calculated using the lodestar method, under which "a reasonable hourly rate [is multiplied] by the number of hours reasonably expended on the litigation." Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). The lodestar figure may then be adjusted based on an analysis of twelve factors as outlined by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430, n. 3. Plaintiff has the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

As a preliminary matter, Defendants question whether Plaintiff is even a "prevailing party" under 42 U.S.C. § 12205 and Cal. Civ. Code § 55. This argument is

3

unpersuasive. A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party. Barrios, 277 F.3d at 1134. Accordingly, for the purposes of awarding attorney's fees under 42 U.S.C. § 12205 and Cal. Civ. Code § 55, Plaintiff qualifies as a prevailing party here.

Plaintiff requests $350 per hour for Mr. Potter and $250 per hour for Ms. Grace. Defendants argue that to the extent Potter and Grace are owed anything, the market rate for their services is $300 and $175, respectively. Ultimately, the Court does not believe that the evidence Plaintiff cites is sufficient to justify the rates requested by Plaintiff.

The basis for Defendants' argument that the correct rates are $300 and $175 is Johnson v. Lin, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016), in which Potter and Grace were awarded exactly those amounts. In addition to Lin, this Court's review of Plaintiff's extensive litigation in this district confirms that $350 per hour for Mr. Potter and $250 per hour for Ms. Grace is excessive. For example, in March of this year, another judge in this district awarded Mr. Potter $300 per hour and other attorneys $150 for similar work. Johnson v. Saleh, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018). Similarly, in August of last year, another court within the district awarded $300 per hour to Mr. Potter and $175 per hour to Ms. Grace. Johnson v. Swanson, 2017 WL 3438735, at *4 (E.D. Cal. Aug. 10, 2017). Additionally, in March of 2017, the undersigned awarded Mr. Potter $300 per hour. Johnson v. Patel, 2017 WL 999462, at*3 (E.D. Cal. Mar. 15, 2017). Around that same time, the undersigned also awarded $300 per hour for partners and $200 per hour for associates in a similar ADA case. Chapman v. Pier 1 Imports (U.S.), Inc., 2017 WL 999253, at *3 (E.D. Cal. Mar. 15, 2017). These cases make it perfectly clear that the market rate in Sacramento for a partner with Mr. Potter's experience is $300 per hour. While a wider range of fees has been applied with respect to associate attorneys ($150-$200), it is nonetheless clear that $250 per hour is higher than the local rate.

///

Although Plaintiff presents the Declaration of John O'Connor in support of the $350 and $250 rates, the Court is unconvinced that O'Connor's declaration supports the propriety of those rates in this case. O'Connor is based in San Francisco, O'Connor Decl., ECF No. 10-2, ¶ 1, and although he claims to have kept abreast of rates throughout the country, there is no indication that he has any particular expertise in billing trends in the Sacramento area. In the experience of the undersigned, and as confirmed by the cases cited above, rates in Sacramento are lower than in the Bay Area.

Plaintiff also relies on the so-called "Laffey Matrix."[3] See Potter Decl., ECF No. 10-2, Ex. A. Multiple judges in this district have refused to rely on the Laffey Matrix as the basis for awarding attorney's fees in ADA cases. See Johnson v. Bach Thuoc Vu, 2017 WL 2813210, at *3 (E.D. Cal. Jun. 29, 2017); Johnson v. Wayside Prop., Inc., 2014 WL 6634324, at *7 (E.D. Cal. Nov. 21, 2014); Lin, 2016 WL 1267830, at *3. This Court agrees with those decisions and declines to rely on the Laffey Matrix in this case.

Instead, the Court is convinced that the market rate for partners and associates in ADA cases in Sacramento in 2018 is $300 and $200, respectively. These rates are consistent with the cases cited above and Plaintiff has presented no evidence to the contrary. The Court thus concludes that the reasonable rate for Mr. Potter is $300 per hour and for Ms. Grace is $200 per hour.

Finally, Defendants contest some of the entries on Plaintiff's counsel's timesheets. Specifically, Defendants challenge Mr. Potter's entries of 2.2 hours worked on July 6, 2016 to conduct a public records search; 1 hour worked on August 24, 2016 to draft the complaint; 1.2 hours worked on September 27, 2016 to review Defendants' Answer; and 2 hours worked on July 20, 2017 to daft the Motion for Attorney's Fees. With respect to the hours claimed for the public records search, the Court agrees that

---

[3] The "Laffey Matrix," developed in the District Court for the District of Columbia in the case of Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354, 371 (D.D.C. 1983), is a fee schedule tool used by various state and federal courts throughout the United States to determine reasonable fees in cases involving a "fee-shifting" statutes. The Matrix lists the base rates for paralegals and law clerks as well as attorneys in their first three years and provides suggested higher rates for various intervals of greater experience, i.e., four to seven years, eight to ten years, etc. See O'Connor Decl., ECF No. 10-2, Ex. A.

the amount claimed is unreasonable.  In other cases involving Plaintiff and Mr. Potter, courts have concluded that 1.1 hours is the appropriate amount for the same public records search.  Saleh, 2018 WL 1157494, at *2; Swanson, 2017 WL 3438735, at *3 ("[C]ourts have found public records research to be clerical in nature and suited for paralegal work."); Johnson v. Yates, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (reducing 2.2 hours of public records research by half because of its clerical nature); Johnson v. Xinliang Bai, 2017 WL 3334006, at *2 (E.D. Cal. Aug. 4, 2017) (same); Johnson v. Guedoir, 2017 WL 3172994, at *3 (E.D. Cal. July 26, 2017) (same).  The Court therefore will reduce the 2.2 hours of public records research claimed by Mr. Potter to 1.1 hours.  The Court does not believe that the other three entries contested by Defendants are unreasonable.

The only other necessary change involves the last entry on Mr. Potter's billing statement.  He estimated seven hours worked for "Time to review opposition brief, draft the reply brief, attend oral argument."  Potter Decl., ECF No. 10-2, 6.  Oral argument, however, was not necessary and did not occur, and the entry is therefore reduced to three hours.  This results in a total reduction to the hours billed by Mr. Potter (17.8) of 5.1 hours.  Accordingly, the lodestar in this case is as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Potter | 12.7 | $300.00 | $3,810.00 |
| Grace | 9.1 | $200.00 | $1,820.00 |
| **Reasonable Attorney Fees Earned** | | | $5,630.00 |

The Court also awards Plaintiff $675 in litigation expenses.

///

///

///

///

///

///

**CONCLUSION**

For the above reasons, Plaintiff's Motion for Attorney's Fees and Litigation Expenses (ECF No. 10) is hereby GRANTED. The Court awards Plaintiff $5,630 in attorney's fees and $675 in litigation expenses, for a total of $6,305.

IT IS SO ORDERED.

Dated: April 11, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE